UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARLA J. LONG,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-154

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 7), Plaintiff's reply memorandum (doc. 8), the administrative record (doc. 5),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of August 8, 2012.  PageID 266-79.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the cervical and lumbar spine, posttraumatic stress disorder ("PTSD"), and depression.  PageID 70.  After initial denial of her applications, Plaintiff received a hearing before ALJ Irma Flottman on January 22, 2015.  PageID 84-131.  The ALJ issued a written decision on April 24, 2015 finding Plaintiff not disabled.  PageID 68-79.  Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 57-59.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 71-77), Plaintiff's Statement of Errors (doc. 6), the Commissioner's memorandum in opposition (doc. 7), and Plaintiff's reply (doc. 8).  The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.    Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly weighing opinion evidence. Doc. 6 at PageID 662-70. The undersigned concludes that the ALJ erred in weighing the opinion of the medical sources offering opinions concerning Plaintiff's mental health limitations, including treating clinical psychologist Kristin Rodzinka, Ph.D. The undersigned does not reach the merits as to whether the ALJ also erred in weighing opinions concerning Plaintiff's physical limitations but, nevertheless, on remand, the ALJ should reassess and reweigh all opinion evidence anew.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once."  *Snell*, 2013 WL 372032, at *9.  Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions."  *Id*.  Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker."  *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).  In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability;

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013).  Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and  "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

In this case, Dr. Rodzinka, "[a]fter comprehensive assessment[,]" found "it . . . clear that [Plaintiff] is struggling with military sexual trauma (MST) related PTSD, including symptoms related to re-experiencing, avoidance, altered mood and beliefs, and trauma related arousal symptoms (e.g., sleep disturbance, anxiety)." PageID 604. According to Dr. Rodzinka, Plaintiff's "PTSD has impacted her functioning, including in areas such as employment and social functioning, as evidenced by severe anxiety and panic attacks resulting in an inability to attend work, social withdrawal from friends and family, and avoidance of formerly valued activities." *Id*. In other words, Plaintiff would experience problems attending work regularly[5] and in interacting with others. *See id*.

In assessing acceptable medical source evidence, the ALJ gave only "partial weight" to Dr. Rodzinka's opinion. PageID 76. Specifically, the ALJ stated that:

> While Dr. Rodzinka has been treating the claimant, and the treatment records do indicate issues with trust and social withdrawal, they do not indicate that in ability to perform all types of work. Again, this is also a determination reserved for the Commissioner. It is also noted that Dr. Rodzinka's opinion suggests that the claimant has severe difficulty with her social functioning and the claimant denied having any friends at the hearing, but her treatment records indicate that she had a boyfriend within the past several years and that she has had a roommate who is reportedly, "like her big brother."

*Id*. The Court finds error in the ALJ's assessment of Dr. Rodzinka's opinion.

Initially, the Court notes that, despite the fact that Dr. Rodzinka is a treating clinical psychologist, the ALJ never specifically mentioned the concept of controlling weight or

---

[5] Examining clinical psychologist Donald J. Kramer, Ph.D. also noted Plaintiff's "significant problems at times with work attendance because of her anxiety and depression." PageID 391. Dr. Kramer, noting that Plaintiff appeared tearful, "very anxious and ill at ease" during his examination of her, never discounted Plaintiff's statements that "she would miss work a lot at times because of anxiety" but, instead, concluded only that Plaintiff "comes across as a woman whose stress tolerance and coping skills are quite weak because of her high level of anxiety, and she appears to be in need of psychological intervention." PageID 302.

specifically declined to afford this treater's opinion controlling weight. PageID 88; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that the regulations are designed to "ensure[ ] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule"). Nowhere does the ALJ specifically analyze whether Dr. Rodzinka's conclusions are "well supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with other substantial evidence in the case record." *See* 20 C.F.R. § 404.1527(c). As noted by this Court on numerous occasions, such failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *See, e.g., Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016).

The Court also notes that, while the ALJ purportedly gave Dr. Rodzinka's opinion "partial weight," *i.e.*, some weight, it is not clear what portion of her opinion was credited, and which portion was discredited. *See Sanders v. Comm'r of Soc. Sec.*, No. 1:13-CV-481, 2014 WL 3899288, at *13 (S.D. Ohio Aug. 11, 2014) (finding error where the ALJ gave some weight to an opinion "without explaining which portion . . . he was crediting"); *Baskin v. Colvin*, No. 3:11-0948, 2013 WL 1149597, at *17 (M.D. Tenn. Mar. 19, 2013), *report and recommendation adopted*, No. 3:11-CV-0948, 2013 WL 1405962 (M.D. Tenn. Apr. 8, 2013) (finding error where the ALJ "did not explain which portions of their opinions he credited and which portions he discounted").

In fact, in analyzing Dr. Rodzinka's opinion, the ALJ focused on Plaintiff's ability to have a relationship with a boyfriend "within the past several years" and her relationship with a roommate. PageID 76. The ALJ apparently pointed to these relationships in an effort to undermine the severity of Plaintiff's ability to socially interact with others. PageID 76. However, the ALJ appears to have accepted the fact that Plaintiff was limited in her ability to socially interact by finding her unable have contact with the public, but able to occasionally have

7

contact with co-workers and supervisors. PageID 72-73. The ALJ pointed to nothing in the record questioning Dr. Rodzinka's opinion regarding Plaintiff's inability to regularly attend work. *See* PageID 76. Thus, the ALJ's failure to explain the rejection of Dr. Rodzinka's opinion concerning Plaintiff's "inability to attend work" amounts to a lack of substantial evidence supporting such rejection.[6]

Accordingly, based upon all of the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and should be reversed.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). Here, the

---

[6] The ALJ must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably. *O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015), *report and recommendation adopted*, No. 3:14-CV-125, 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015); *Howard v. Comm'r of Soc. Sec.*, No. 3:14-CV-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 3:14-CV-364, 2016 WL 99114 (S.D. Ohio Jan. 7, 2016); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (stating that, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"); *Stoddard v. Astrue*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010); *Washington v. Colvin*, No. 13–1147–SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions").

undersigned finds that evidence of disability is not overwhelming and that a remand for further proceedings is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  June 5, 2017                             s/ Michael J. Newman
                                                            Michael J. Newman
                                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).