UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARLA J. LONG,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-154

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

# SUPPLEMENTAL REPORT AND RECOMMENDATION[1]

___

This Social Security disability benefits appeal case is before the Court on the objection of the Commissioner of Social Security. Doc. 10. The undersigned responds to the Commissioner's objection (doc. 10) as follows:

1.    The Commissioner's objection is essentially a mere "cut-and-paste" of the exact arguments set forth in the memorandum in opposition. *Compare* doc. 8 at PageID 678-85 *with* doc. 10 at PageID 710-17. Such objections are generally insufficient to preserve error. *Goldschmidt v. Astrue*, No. 3:12-CV-132, 2013 WL 157564, at *1 (S.D. Ohio Jan. 15, 2013) (finding that a plaintiff's "exact resubmission of her Statement of Errors with general references to the Magistrate Judge's Report and Recommendation" as an objection was "insufficient to preserve error").

2.    The undersigned finds no merit to the Commissioner's contention that the opinion of treating clinical psychologist Kristin Rodzinka, Ph.D. is not a "medical opinion" under 20 C.F.R. § 404.1527(a)(2) that must be weighed in accordance with 20 C.F.R. § 404.1527(c). *See*

___

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

doc. 7 at PageID 680; doc. 10 at PageID 712. Dr. Rodzinka specifically opined that Plaintiff's mental impairments have "impacted her functioning," such that she suffers from "severe anxiety and panic attacks resulting in an inability to attend work, social withdrawal from friends and family, and avoidance of formerly valued activities." Doc. 5 at PageID 604. Such statement appears to the undersigned as a statement by Dr. Rodzinka's reflecting her "judgment[] about the nature and severity of [Plaintiff's] impairment(s), including [Plaintiff's] symptoms, diagnosis and prognosis, what [she] can still do despite [her] impairment(s), and [her] physical or mental restrictions." *See* 20 C.F.R. § 404.1527(a)(2); *see also Matlock v. Comm'r of Soc. Sec.*, No. 1:13 CV 2250, 2015 WL 151026, at *20 (N.D. Ohio Jan. 12, 2015) (concluding that a treating physician's statement -- that a plaintiff's impairments "would impact her ability to respond appropriately to workplace pressures including decision making, attendance, and maintaining a schedule" -- "constitutes a medical opinion under the regulations").

3. Despite the Commissioner's insistence on appeal that Dr. Rodzinka's statement is not a "medical opinion" and did not have to be weighed, it is clear that the ALJ did, in fact, weigh Dr. Rodzinka's opinion -- albeit without conducting a controlling weight analysis as required by 20 C.F.R. § 404.1527(c). The Commissioner does not challenge the undersigned's conclusion that the ALJ failed to conduct the required controlling weight analysis for this treating source, *see* doc. 9 at PageID 706, and instead argues only that "substantial evidence supports the Commissioner's decision." *See* doc.10 at PageID 718. The Commissioner's general objection in this regard overlooks Sixth Circuit precedent concluding that, even where "substantial evidence otherwise supports the decision of the Commissioner . . . reversal is required [where] the agency failed to follow its own procedural regulation[,]" such as conducting

the controlling weight analysis required by the treating physician rule. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Based upon the foregoing, and for all the reasons set forth in the Report and Recommendations (doc. 9), the undersigned's recommendation remains unchanged.


Date:  June 21, 2017                           s/ Michael J. Newman
                                               Michael J. Newman
                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).