IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLA J. LONG,

                Plaintiff,             :   Case No. 3:16-cv-154

     v.                       :   JUDGE WALTER H. RICE

NANCY A. BERRYHILL,        :   MAGISTRATE JUDGE
                                    MICHAEL J. NEWMAN

Acting Commissioner of the    :
Social Security Administration,

                               :

                Defendant.

---

DECISION AND ENTRY ADOPTING INITIAL AND SUPPLEMENTAL
REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE (DOC. #9, 13); OBJECTIONS TO INITIAL REPORT AND
RECOMMENDATIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION (DOC.
#10), ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF CARLA J. LONG AND AGAINST DEFENDANT COMMISSIONER,
REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS
NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER
THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE
TO THE COMMISSIONER FOR FURTHER PROCEEDINGS PURSUANT TO
THE FOURTH SENTENCE OF 42 U.S.C. § 405(g); TERMINATION ENTRY

---

Plaintiff Carla J. Long ("Plaintiff") has brought this action pursuant to 42 U.S.C.

§ 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of

the Social Security Administration ("Commissioner"), denying Plaintiff's application for

Social Security disability benefits.   On February 1, 2017, Magistrate Judge Michael J.

Newman filed an Initial Report and Recommendations, Doc. #9, recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by substantial evidence, and remanded to the Commissioner for further proceedings.   Doc. #9.   The Commissioner filed Objections, Doc. #10, to said judicial filing, and on June 21, 2017, this Court issued a Recommittal Order, directing the Magistrate Judge to consider the Commissioner's Objections.   Doc. #12.   On June 21, 2017, the Magistrate Judge issued a Supplemental Report and Recommendations (to which neither party objected), again recommending that the Commissioner's finding of non-disability be reversed, and that the captioned cause be remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings.   Doc. #13.   Based upon reasoning and citations of authority set forth in the Magistrate Judge's Reports and Recommendations, Doc. #9, 13, a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #5, and a thorough review of the applicable law, this Court ADOPTS the Initial and Supplemental Reports and Recommendations in their entirety and OVERRULES the Commissioner's Objections, Doc. #10, to the Initial Report and Recommendations.   The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the captioned cause to the Commissioner for further proceedings.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence."   42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made.   This *de novo* review, in turn,

requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      The Magistrate Judge is correct that the Commissioner's Objections to the Initial Report and Recommendations were essentially a "cut-and-paste" of the arguments set forth in her memorandum in opposition to Plaintiff's Statement of Specific Errors. Doc. #13, PAGEID #728 (citing Doc. #7, PAGEID #678-85; Doc. #10, PAGEID #710-17). Aside from a sentence in the opening paragraph summarizing the Magistrate Judge's findings, Doc. #10, PAGEID #710 (citing Doc. #9, PAGEID #705), the Commissioner fails to engage the Magistrate Judge's reasoning, or cite which part of the Magistrate Judge's Report and Recommendations she finds problematic.   Her failure to do so means that she has not preserved any issue for appeal, and the Court could overrule her Objections for that reason alone. *Hedger v. Astrue*, No. 2:10-cv-1026, 2012 WL 1030500, at * 2 (Frost, J.) (citing *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)).

4

2.      Almost the entirety of the Commissioner's Objections pertain to the

Magistrate Judge's conclusions as to the Administrative Law Judge's ("ALJ") treatment of

the opinion of Plaintiff's treating clinical psychologist, Kristina Rodzinka, Ph.D.,

specifically, "that the ALJ did not properly weigh Dr. Rodzinka's letter, and that this 'error

in the ALJ's assessment of Dr. Rodzinka's opinion constituted reversible error."  Doc.

#10, PAGEID #710 (quoting Doc. #9, PAGEID #705).   The Commissioner devotes the

majority of her Objections to explaining why the ALJ was justified in giving limited weight

to Dr. Rodzinka's opinion that Plaintiff is disabled, and greater weight to the opinions of

the Commissioner's examining and consulting sources.   *Id.*, PAGEID #710-17 (citing

Doc. #5, PAGEID #76-77, 136-41, 178-79, 387-92, 604, 638-43, 646).   Yet, the

Commissioner never addresses the Magistrate Judge's correct conclusion that, because

Dr. Rodzinka was a "treating medical source," and because Plaintiff filed her application

for disability benefits prior to March 27, 2017, the ALJ was required to apply the treating

physician rule.   The treating physician rule requires the ALJ to discuss the nature, length

and extent of the treatment relationship, along with the frequency of examinations, before

it is proper for an ALJ to decline to assign controlling weight to the treating source opinion.

20 C.F.R. § 404.1527(c)(2).   The ALJ's brief discussion of Dr. Rodzinka's opinion

discusses none of those factors, and thus, his decision not to grant controlling weight to

that opinion was not supported by substantial evidence.


3.      Remand for an award of benefits, rather than further proceedings, is

permissible "only where the proof of disability is overwhelming or where the proof of

disability is strong and evidence to the contrary is lacking."  *Faucher v. Sec'y of Health &*

*Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).   In his decision, the ALJ discusses several sources of evidence which could be indicative of non-disability.   Doc. #5, PAGEID #76-77 (citations omitted).   Thus, the captioned cause must be remanded to the Commissioner for further proceedings consistent with this Entry.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Initial and Supplemental Reports and Recommendations of the Magistrate Judge, Doc. #9, 13, in their entirety.   The Commissioner's Objections to the Initial Report and Recommendations, Doc. #10, are OVERRULED.   Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the matter to the Commissioner for further proceedings consistent with this Entry.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

July 25, 2017

_____
                    WALTER H. RICE, JUDGE
                    UNITED STATES DISTRICT COURT